No. 94-55-i

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

ROBERT E. McCURDY,

        Petitioner, Counter-
Respondent and Appellant,

   and

CONTANA S. McCURDY,

        Respondent, Counter-
Petitioner and Respondent.

FILED

SEP 21 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           K. Dale Schwanke, Jardine, Stephenson, Blewett
and Weaver, P.C., Great Falls, Montana

       For Respondent:

           M. Gene Allison, Law Offices of Joan Cook,
Great Falls, Montana


                     Submitted on Briefs:  August 10, 1995

                             Decided:  September 21; 1995

Filed:

                           Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Robert McCurdy appeals the decision of the Eighth Judicial District Court, Cascade County, awarding Robert and Contana McCurdy joint custody of their preschool son and awarding Contana $2500 in attorney fees. We affirm.

We find the following issues dispositive on appeal:

1. Did the District Court err in awarding the McCurdys joint custody of Collin with Contana being the primary residential custodian?

2. Did the District Court err in awarding Contana attorney fees?

Robert and Contana were married on August 29, 1992. Their son, Collin, had been born on January 2, 1992. After two years of marriage, Contana took Collin and left Robert. Robert petitioned the District Court for dissolution of their marriage on January 14, 1994. Robert received temporary custody of Collin following their separation until April 12, 1994, at which time the court ordered temporary joint custody to Robert and Contana.

On July 29, 1994, the District Court heard the respective parties' arguments concerning their desire to have custody of

2

Collin. Robert sought sole custody of Collin, while Contana sought joint custody but wanted to be Collin's primary residential custodian in order to maintain eligibility for subsidized housing. Following trial, the court entered its findings of fact, conclusions of law and order granting the parties joint custody with Contana being the primary residential custodian. The court also awarded Contana attorney fees. Robert appeals the decision of the District Court.

## Issue 1

Did the District Court err in awarding the McCurdys joint custody of Collin with Contana being the primary residential custodian?

Robert argues that the District Court's findings concerning the "best interest" of Collin are insufficiently comprehensive to provide a basis for a decision. In Re the Marriage of Nikolaisen (1993), 257 Mont. 1, 847 P.2d 287. Robert also argues that the court's findings are clearly erroneous because they are not supported by substantial credible evidence. In Re the Marriage of Johnson (1994), 266 Mont. 158, 879 P.2d 689.

This Court has held that a district court need not make specific findings addressing every "best interest" factor set forth in § 40-4-212, MCA. In Re the Marriage of Arrotta (1990), 244 Mont. 508, 797 P.2d 940. This Court has also recognized the statutory presumption found in § 40-4-224, MCA, that joint custody is generally in the child's best interest. In Re the Marriage of Syljuberget (1988), 234 Mont. 178, 763 P.2d 323.

3

After reviewing the record we conclude that the court's findings of fact are sufficiently comprehensive and are supported by substantial credible evidence.

Issue 2

Did the District Court err in awarding Contana attorney fees?

Attorney fees in a dissolution action are governed by § 40-4-110, MCA, which states:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees . . .

We review an award of attorney fees to determine if the court abused its discretion. In Re the Marriage of Brownell (1993), 263 Mont. 78, 865 P.2d 307.

After reviewing the record, we conclude that the District Court sufficiently considered the financial resources of the parties and that both parties were provided with sufficient notice of the attorney fees issue. We conclude that the District Court did not abuse its discretion in awarding Contana attorney fees.

AFFIRMED.

_____
Chief Justice

4

We concur:

_____
Karla M. Gray

_____
William E. Hunt, Sr.

_____
Terry Trieweiler

_____
W. William Leaphart
Justices